UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RYAN NICHOLLS,<br>    Plaintiff, | :<br>:<br>: |
| v. | : 3:13-cv-00821-WWE |
| | : |
| AETNA LIFE INSURANCE COMPANY<br>and BARBARA NICHOLLS,<br>    Defendants. | :<br>:<br>: |

### MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO REMAND

Plaintiff Ryan Nicholls commenced this single-action complaint against defendants Aetna Life Insurance Company ("Aetna") and Barbara Nicholls in Connecticut Superior Court. After removal by Aetna, plaintiff has moved to remand to state court based on lack of federal question jurisdiction.

For the following reasons, plaintiff's motion to remand will be denied.

### BACKGROUND

Plaintiff's complaint alleges that Aetna improperly delivered life insurance benefits from the policy of Harry Nicholls, plaintiff's father, to Barbara Nicholls, Harry Nicholls' second wife. The complaint alleges that Barbara Nicholls agreed, through contract with Harry Nicholls, to forgo insurance proceeds to which she was previously entitled. Barbara Nicholls allegedly failed to notify Aetna that, pursuant to the contract, she was not entitled to any life insurance proceeds of Harry Nicholls.

Plaintiff alleges that as an heir at law of Harry Nicholls, he has suffered losses and damage as a consequence of defendants' conduct. He seeks damages and a declaration that Aetna is obligated to provide the insurance proceeds and benefits under the life insurance policy of Harry Nicholls to plaintiff.

**DISCUSSION**

Aetna argues that removal of this action to federal court was proper because plaintiff's action is completely preempted by the Employee Retirement Income Security Act ("ERISA").

> The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. . . . Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

Caterpillar Inc. v. Williams, 482 U.S. 386, 392-93 (1987)

Nevertheless, an exception to the above rule lies where the preemptive force of a statute is so strong as to convert an ordinary state common-law complaint into a federal claim. Id. at 393. Moreover, the Supreme Court has held that ERISA preempts state common law tort and contract actions asserting improper processing of a claim for benefits under an insured employee benefit plan. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56 (1987). Indeed, "Congress' specific reference to § 301 of the [Labor Management Relations Act] to describe the civil enforcement scheme of ERISA makes clear its intention that all suits brought by beneficiaries or participants asserting improper processing of claims under ERISA-regulated plans be treated as federal questions governed by § 502(a)." Id. at 52.

Plaintiff contends that (1) Aetna has failed to demonstrate that the life insurance policy in question is covered by ERISA; (2) plaintiff is not a participant, beneficiary, fiduciary, or other qualified person pursuant to 29 U.S.C. §1132(e)(1), so ERISA preemption does not apply; (3) plaintiff *is* a participant or beneficiary seeking to recover benefits due him under the terms of the plan, so 29 U.S.C. § 1132(e)(1) authorizes concurrent state court jurisdiction; (4) Aetna's notice

of removal failed to notify necessary parties and, therefore, removal was invalid.

First, ERISA covers employee benefit plans if they are established by an employer engaged in commerce. 29 U.S.C. § 1003(a). Section 1002(1) defines benefit plans as "any plan, fund, or program . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . ." 29 U.S.C. §1002(1). Accordingly, Harry Nicholls' life insurance plan is covered by ERISA.

Second, on the face of the complaint, plaintiff implicitly argues that he is a beneficiary seeking to recover benefits due him under the terms of the plan based on his status as heir at law of Harry Nicholls. Moreover, the insurance plan provides that:

> If no named beneficiary survives you or if no beneficiary has been named, payment will be made as follows to those who survive you:
> - Your spouse, if any.
> - If there is no spouse, in equal share to your children.

Plaintiff's complaint alleges that since Barbara Nicholls relinquished her rights as beneficiary via contract with Harry Nicholls, plaintiff is entitled to life insurance payments. As plaintiff's action seeks a court order that he is the lawful beneficiary of the plan, his argument that he is not a beneficiary cannot stand.

Third, 29 U.S.C. § 1132(e)(1) does authorize concurrent state court jurisdiction. It provides:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section

In turn, subsection (a)(1)(B) provides:

> A civic action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

Accordingly, state courts have concurrent jurisdiction. Nevertheless, this argument is irrelevant as federal removal statutes expressly contemplate concurrent jurisdiction in all cases eligible for removal. 28 U.S.C. § 1441. Indeed, "[t]he general rule is that absent an express provision to the contrary, the removal right should be respected when there is concurrent jurisdiction." Yurcik v. Sheet Metal Workers' Intern. Ass'n 889 F. Supp. 706 (S.D.N.Y. 1995); See also Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 693 (1882) (holding that statutory authority to file in any federal or state court does not bar removal).

Finally, plaintiff argues that remand is necessary because Aetna failed to provide notice to all other parties that may have an interest in this action pursuant to Connecticut declaratory judgment law. Plaintiff provides no authority for this proposition, and the Court will not remand based on this argument. The Court will order such notice if appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is DENIED.

Dated this 30th day of October, 2013, at Bridgeport, Connecticut.

                                        /s/
                               WARREN W. EGINTON
                               SENIOR UNITED STATES DISTRICT JUDGE