UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RYAN NICHOLLS, : | |
|     Plaintiff, : | |
| : | |
| v. : | 3:13-cv-00821-WWE |
| : | |
| BARBARA NICHOLLS, : | |
|     Defendant. : | |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Ryan Nicholls alleges that defendant Barbara Nicholls violated a contract pursuant to which defendant relinquished the rights to life insurance proceeds in favor of plaintiff. Defendant has moved to dismiss for lack of subject matter jurisdiction. For the following reasons, defendant's motion will be denied.

**BACKGROUND**

Plaintiff's complaint alleges that Aetna Life Insurance Company improperly delivered life insurance benefits from the policy of Harry Nicholls, plaintiff's father, to Barbara Nicholls, Harry Nicholls' second wife. The complaint alleges that Barbara Nicholls agreed, through contract with Harry Nicholls, to forgo insurance proceeds to which she was previously entitled. Barbara Nicholls allegedly failed to notify Aetna that, pursuant to the contract, she was not entitled to any life insurance proceeds of Harry Nicholls.

Plaintiff further alleges that as an heir at law of Harry Nicholls, he has suffered losses and damage as a consequence of defendant's conduct. He seeks damages and a declaration that Aetna is obligated to provide the insurance proceeds and benefits under the life insurance policy of Harry Nicholls to plaintiff.

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendant argues that plaintiff lacks standing because he is neither a party to nor a contemplated beneficiary of the contract between defendant and Harry Nicholls.  "The issue of standing implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss."  Wilcox v. Webster Ins., Inc, 294 Conn. 206, 213 (2009).  "Whenever a claim of lack of jurisdiction is brought to the court's attention, it must be resolved before the court can proceed."  Gallant v. Caballaro, 50 Conn. App. 132, 134 (1998).

On the face of the complaint, plaintiff implicitly argues that he is a beneficiary seeking to recover benefits due him under the terms of the life insurance plan based on his status as heir at law of Harry Nicholls.  Moreover, the insurance plan provides that:

> If no named beneficiary survives you or if no beneficiary has been named, payment will be made as follows to those who survive you:
> - Your spouse, if any.
> - If there is no spouse, in equal share to your children.

2

Plaintiff's complaint alleges that since Barbara Nicholls relinquished her rights as beneficiary via contract with Harry Nicholls, plaintiff is entitled to life insurance payments.

"It is well settled that one who is neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract." Tomlinson v. Board of Educ. Of City of Bristol, 226 Conn. 704, 718 (1993). "The ultimate test to be applied in determining whether a person has a right of action as a third party beneficiary is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party beneficiary and that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties." Wasniewski v. Quick and Reilly, Inc., 292 Conn. 98, 109 (2009). However, "it is not in all instances necessary that there be express language in the contract creating a direct obligation to the claimed third party beneficiary . . ." Id.

Defendant argues that the motive and purpose for the agreement at issue was to divide property between defendant and Harry Nicholls in connection with their divorce. Nevertheless, the Court must draw all reasonable inferences in favor of plaintiff at this stage, and the circumstances attending the making of the contract, including the motives and purposes of the parties are disputed. Accordingly, plaintiff's standing as a third party beneficiary is plausible.

Defendant alternatively contends that plaintiff lacks standing because his alleged harm is too remote. See Padawer v. Yur, 142 Conn. App. 812, 817 (2013) (finding that an individual member of an LLC did not have standing to bring action on behalf of the LLC). "As a general rule, a plaintiff lacks standing unless the harm alleged is direct rather than derivative or indirect." Id. Defendant argues that even if she relinquished her right to the life insurance benefits, plaintiff cannot prove that he would have received them as an heir at law. This, once again, is a factual

3

dispute, dependant on the motives of the contracting parties. In light of the fact that the insurance policy contemplates Harry Nicholls' children as beneficiaries, plaintiff's alleged harm is not too remote as a matter of law. Accordingly, defendant's motion to dismiss for lack of standing will be denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [Doc. # 38] is DENIED.

Dated this 30th day of July, at Bridgeport, Connecticut.

/s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE